**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2007 SEP 24  ⊃ 2: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

178 LOWELL STREET OPERATING     )
COMPANY, LLC d/b/a LEXINGTON    )
HEALTH CARE CENTER,             )
                                )  **07  CA  11790  NG**
        Plaintiff,              )
                                )  MAGISTRATE JUDGE Alexander
v.                              )
                                )
1199SEUI UNITED HEALTHCARE      )
WORKERS EAST,                   )
                                )
        Defendant.              )
_____)

### COMPLAINT TO VACATE OR MODIFY ARBITRATION AWARD
### AND FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, 178 Lowell Street Operating Company, LLC d/b/a Lexington

Health Care Center ("Lexington") and hereby complains of Defendant and states the following:

### The Parties

1.      Lexington is a Delaware limited liability company doing business in Lexington,

Massachusetts.

2.      Defendant, 1199SEIU United Healthcare Workers East ("Union") is a labor union

that formerly represented certain of the employees at Lexington.

### Jurisdiction and Venue

3.      This Court has jurisdiction pursuant to 9 U.S.C. §§ 6, 10, 11, 28 U.S.C. § 1331,

28 U.S.C. § 2201 and 29 U.S.C. § 185(a) because the matter involves both (i) an application to

the Court to vacate or modify a portion of an arbitrator's arbitration award, and (ii) a dispute over

whether Lexington has violated the terms of an expired collective bargaining agreement

("CBA") that formerly governed the relationship between Lexington and the Union.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the

acts described herein occurred within this District and because the Defendant is located within

this District.

## Facts

5. Lexington and the Union were signatories to a CBA that became effective on June

28, 2006, and which expired at midnight on July 15, 2007.

6. On or about November 7, 2006, Lexington discharged a member of the bargaining

unit represented by the Union, Pierre Jean ("Grievant").

7. The Union filed a grievance with respect to the Grievant's discharge.

8. The parties arbitrated the grievance on three dates: March 9, 2007; May 1, 2007

and May 23, 2007, before Tammy Brynie ("Arbitrator"), of the American Arbitration

Association.

9. At midnight on July 15, 2007, subsequent to the arbitration hearings but prior to

the Arbitrator's decision, the CBA between Lexington and the Union expired pursuant to its

terms.

10. The parties have not negotiated a new CBA.

11. Immediately following the expiration of the CBA, Lexington withdrew its

recognition of the Union as the exclusive representative of the members of the bargaining unit,

based on Lexington's receipt of a petition, signed by a majority of the bargaining unit

employees, expressing dissatisfaction with the Union and requesting that Lexington withdraw its

recognition of the Union as their representative.

12.     On August 27, 2007, subsequent to the expiration of the CBA and Lexington's withdrawal of recognition of the Union, the Arbitrator issued her decision, in which she ruled that although the Grievant had engaged in serious misconduct, it did not warrant discharge. As a remedy, the Arbitrator: (i) reduced the Grievant's termination to a thirty (30) day suspension; (ii) ordered Lexington to reinstate Grievant; and (iii) ordered Lexington to make Grievant whole for his lost pay and benefits, less thirty (30) days' pay (for the suspension period) and less Grievant's interim earnings.

13.     By letter dated September 4, 2007, Lexington  informed the Union that because the Arbitrator had no authority to order Lexington to actually reinstate Grievant as an employee or order Lexington to pay Grievant back pay beyond and subsequent to the expiration date of the CBA, compliance with the Arbitrator's reinstatement order would be made by paying Grievant his lost pay and benefits for the period of time from the date of Grievant's discharge through July 15, 2007 (the date on which the CBA expired), less thirty (30) days pay (for the suspension period) and less Grievant's interim earnings.  Lexington asked the Union to confirm that it agreed that Lexington had no obligation to actually reinstate Grievant as an employee or pay back pay and benefits beyond and subsequent to the date the CBA expired.  A copy of Lexington's letter is attached hereto as **Exhibit A**.

14.     The Union's counsel, David Rome, stated to Lexington's counsel, Joseph Ambash, in a conversation on September 12, 2007, that the Union disagreed with Lexington's position that the it did not have to reinstate the Grievant. Mr. Rome asserted that Lexington had an obligation to reinstate the Grievant even though the parties' CBA had expired.

15.     Nothing in the terms of the CBA obligates Lexington to pay back pay or reinstate an employee beyond or subsequent to the expiration date of the CBA.

3

16.     The Arbitrator had no legal authority to order any remedy that extended beyond the termination of the parties' CBA.

## COUNT I
## Application to Vacate Or Modify Arbitration Award

17.     Lexington repeats and incorporates by reference the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

18.     The Arbitrator's authority is derived solely from the terms of the CBA that formerly governed the relationship between Lexington and the Union.

19.     There is no term in the CBA that obligates Lexington to pay back pay or reinstate an employee beyond or subsequent to the expiration date of the CBA.

20.     To the extent that the Arbitrator's decision ordered as a remedy that Lexington actually reinstate the Grievant as an employee and pay back pay and benefits to the Grievant beyond and subsequent to the expiration date of the CBA (July 15, 2007), such decision exceeded the power and authority delegated to her by the terms of the expired CBA.

21.     To the extent that the Arbitrator's decision ordered as a remedy that Lexington actually reinstate the Grievant as an employee and pay back pay and benefits to the Grievant beyond and subsequent to the expiration date of the CBA (July 15, 2007), such portion of the Arbitrator's decision should be vacated as it has no basis in any term of the expired CBA and exceeded the power and authority delegated to the Arbitrator by the expired CBA.

22.     To the extent that the Arbitrator's decision ordered as a remedy that Lexington actually reinstate the Grievant as an employee and pay back pay and benefits to the Grievant beyond and subsequent to the expiration date of the CBA (July 15, 2007), the Arbitrator's decision should be modified so as to award only back pay and benefits through July 15, 2007, less thirty (30) days' pay (for the suspension period) and less Grievant's interim earnings.

4

## COUNT II
### Declaratory Judgment

23. Lexington repeats and incorporates by reference the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. There is an actual controversy between the parties as to whether Lexington's refusal to reinstate Grievant as an employee and pay Grievant back pay and benefits beyond and subsequent to the expiration date of the CBA (July 15, 2007) violates the terms of the expired CBA.

25. The Court should exercise its discretion and exercise jurisdiction over this Complaint in order to settle the dispute between the parties.

26. Declaratory judgment will settle the controversy and will serve a useful purpose in clarifying the parties' legal relations.

WHEREFORE, 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care Center respectfully requests that this Honorable Court:

(a) enter a judgment in its favor vacating that portion of the Arbitrator's decision that ordered as a remedy that Lexington actually reinstate the Grievant and pay back pay to Grievant beyond and subsequent to the expiration date the CBA (July 15, 2007); or enter a judgment in its favor modifying the Arbitrator's award so as to award only back pay and benefits through July 15, 2007, less thirty (30) days' pay (for the suspension period) and less Grievant's interim earnings; and

(b) enter a judgment in its favor declaring that Lexington is not obligated to reinstate Grievant as an employee; that the Arbitrator had no authority to order any remedy beyond the expiration date of the CBA (July 15, 2007); that Lexington is only obligated to pay the Grievant back pay and benefits through July 15, 2007, less 30 days' pay for the

5

suspension and less his interim earnings; and that Lexington's refusal to reinstate

Grievant as an employee or pay him back pay and benefits beyond July 15, 2007 does not

violate the terms of the expired CBA; and

(c)     grant such further relief as it deems just and proper.

Respectfully submitted,

178 LOWELL STREET OPERATING
COMPANY, LLC d/b/a LEXINGTON
HEALTHCARE CENTER,

By its counsel,

Joseph W. Ambash (BBO#017060)
Jeffrey M. Burns (BBO#661448)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Tel: (617) 310-6000
Dated: September 24, 2007             Fax: (617) 310-6001